Dodard v Etienne (2019 NY Slip Op 00418)





Dodard v Etienne


2019 NY Slip Op 00418


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-06275
 (Index No. 20032/12)

[*1]Steven Dodard, appellant, 
v
Brendjy Etienne, et al., respondents.


Boyko & Associates, P.C., Brooklyn, NY (Yekaterina Boyko of counsel), for appellant.
Harris King Fodera & Correia, New York, NY (Irina Zamyatin of counsel), for respondents Brendjy Etienne and Fritz Emmanuel.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondent Eniyew Goshu.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine Edwards, J.), dated April 29, 2016. The order granted the motion of the defendants Brendjy Etienne and Fritz Emmanuel, in which the defendant Eniyew Goshu joined, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained in a motor vehicle accident on March 14, 2010. The defendants Brendjy Etienne and Fritz Emmanuel made a motion, in which the defendant Eniyew Goshy joined, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation [*2]of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court